Truax, J.
The trial court found that the plaintiff has suffered damage by reason of the lessening by defendants’ acts of the rental value of plaintiff’s premises in the sum of $2,300, and it also found *367 that the plaintiff’s premises are worth $3,000 less than they would be worth if there had been no such taking of plaintiff’s easement of light, air and access.
To each of these findings the defendants excepted. Judgment was entered in the plaintiff’s favor for the said sum of $2,300, and ■the defendants were allowed to prevent the issuing of the injunction by purchasing the plaintiff’s easements for the said sum of $3,000.
I can find no evidence in the case showing any diminution to the rental value of plaintiff’s "premises. The plaintiff himself was called as a witness. He testified that he bought the premises after the Construction of the road. He gives the rentals that he had received for the said premises since the time that he purchased them, but there is no evidence in the case that shows, or tends to show, what the premises fetched. prior to the construction of the road, or what similar premises on this street or in this neighborhood fetched prior to the construction and operation of the defendant’s road. In other words, there is nothing with which comparison can be made.
It is true that the plaintiff did testify that he owned certain houses in the neighborhood, not on this street, but on other streets, and did give the rental value of some of those houses, particularly a house in Hew Chambers street, but no comparison can be made between this property and the property in Hew Chambers street. The house in Hew Chambers street is not quite the size of the property abutting the railroad. .
For the first floor above the store in Hew Chambers street the owner gets $23 50, while for the first floor in the property in suit he gets thirty-two dollars a month. For the second floor above the store in Hew Chambers street he gets twenty-two dollars a month, while for the second floor in the property in suit he gets thirty-one dollars a month. In fact, he seems to have got as much for the property in suit as for any other of his property in that immediate neighborhood. But even if he did not, we are unable to say from the evidence that the taking of the easements by the defendants caused the diminution in the rent.
The plaintiff also called a real estate agent and expert. This expert testified in reference to the sales of certain property in the immediate neighborhood of the property in question. For instance, he testified that Ho. 92 East Broadway sold in Hovember, 1875, for $8,600. In Hovember, 1884, Ho. 94 East Broadway, a building of the same size as 92, sold for $13,500. Ho. 76 East Broadway sold in May, 1878, for $12,000, and in August, 1888, for $21,750. Ho. 149 East Broadway sold in March, 1883, for $17,500, and in September, 1883, for $19,500. Ho. 146 sold in April, 1883, for $19,500, and in October, 1883, for $20,500, and in January, 1884, for $21,000. Ho. 47 sold in January, 1878, for $14,150;' in March, 1888, for $21,000, and in April, 1888, for $23,000.
This evidence does not warrant the findings of fact, or either of the findings of fact, above referred to.
It is impossible to say from this whether the plaintiff has suf *368 fered one dollar of $2,300 damages by reason of the lessening by the defendants’ acts of the rental value of the plaintiff’s premises ; and it is also impossible to say whether or not plaintiff’s premises are now worth $3,000 less than they would be if there had been no taking of plaintiff’s easements of light, air and access.
It may be that the evidence would warrant us in continuing the injunction against the defendant, but we think that the interests of all the parties will be best preserved by granting a new trial and leaving the plaintiff to such motion as he may see fit hereafter to make in reference to the injunction.
Judgment reversed and new trial ordered, with costs to the appellant to abide the event.
Dugro, J., concurs.